Please the court, counsel. My name is Tom Hoytel. I'm CJA appointed counsel for Tim Johnson in this case. I also represented him in the district court. Pursuant to the court's order, I'm going to limit my argument to the issue of whether there's a materiality requirement in 18 U.S.C. section 924a1a. That addresses both issues 1 and 3 of the appellant's brief. Issue 1 is the sufficiency of the evidence. We allege there is insufficient evidence of materiality. Issue 3 is whether the court erred in not instructing the jury on the issue of materiality. The government posits in the district court found that the plain meaning of the statute did not include a materiality requirement, and the government ends its argument there. What the government misses is the second stage of the analysis, where the court has to look to whether Congress used terms with settled meanings at common law under Nieder v. United States. We submit that in this case, the Congress did use a term with settled meaning at common law. In Nieder, for example, the court dealt with the question of whether the fraud statutes incorporated a materiality requirement, material misrepresentations, and the Supreme Court found that it did by the use of the term fraud. In this case, Congress used the term representation in the statute. The statute makes it illegal to knowingly make any false statement or representation. The Congress used the term representation, which is a term of art, I would submit, in the false statement statutes. In Kunzges v. United States, the Supreme Court held that materiality requirement, that the word representation conveys a materiality requirement in many contexts. But what do you do with the fact that what immediately follows it is the limiting phrase with respect to the information required by this chapter to be kept in the records, et cetera? So the falsity and the knowing falsity is only with respect to what's required to be retained by licensed firearm dealers. That's correct, Your Honor. The records requirement is what makes this statute differ from 922b-6, which is the statute that the court dealt with in the Moore case. This is a false statement or representation, a false representation that appears in the records required to be kept. The main record required to be kept, of course, by a firearms dealer is the firearms transaction record. And the name of the actual buyer, which is the problem here. Right. So if you represent that you're the actual buyer and you're not, and you know that, why isn't that sufficient? Well, here's an example, Your Honor. One of the 4473 boxes, of course, requires the name of the buyer, and that's partly what's an issue here. But if the court holds that materiality is not a requirement of 924a-1a, think what could happen in that circumstance. Let's assume we have, for hypothetical purposes, let's assume we have a buyer by the name of Barack Hussein. And because that name may have some difficulty after 9-11 or because people keep looking for a birth certificate, Mr. Barack Hussein, first name, middle name, Barack Hussein, decides to get a driver's license in the name of Barry H. And puts on the form Barry H. as their name. If the court holds that materiality is not a requirement of 924a-1a, that's a violation and a Federal felony to list a name other than the name. Well, isn't this the same case as Sullivan out of the Eighth Circuit? Well, no. I would point out, Your Honor, that the Sullivan case was decided long before Nieder and the analysis that now has to go on. Now the court has to look to whether Congress used terms with settled meanings of common law after Nieder. And that's not what happened in Sullivan. Sullivan simply looked at the plain meaning of the statute and plain language of the statute, found no language indicating materiality, and held that it was not an element. It did not use the analysis now required under Nieder. So what do you think had to be proved here beyond what was proved? Because there's a very, very, very clear statement here that you can purchase the firearm only for yourself. And he said yes, and then he didn't purchase it for himself. So what else is required to be proved? Well, as we've argued, Your Honor, what had to be proved was that the buyer, Tim Johnson in this case, was buying the firearm for an ineligible purchaser. That's what the court held in Moore. That's what is required by a materiality element. And that's not what was shown in this case. In this case, Mr. Johnson and Mr. Pedroza were both eligible. You don't think it's sufficient that the government proved that he was not the actual buyer, that he bought it for someone else and knew that he wasn't buying it for himself? Clearly not sufficient under Moore. Clearly not sufficient under the Polk case in the Fifth Circuit. It has to be purchased for an ineligible buyer because the intent of the statute is to keep the firearms out of the hands of ineligible persons. Well, that's one way to look at it. The other is to know exactly where the firearms are. That is why the purchaser has to be the person for whom they're buying it for themselves. Well, that's why the record is required to be maintained. So that's what Congress, I believe, said in requiring the 4473s to be able to trace the firearms. Right, and the falsity is with respect to the record. That takes us back to the whole point of the falsity would be in the information that's required to be kept as a record. Correct, Your Honor, but if it's not a material falsity, it doesn't impact the lawfulness of the sale of the weapon. What good is a record to track where weapons are if it doesn't state who has it? Well, that's an issue with respect to this question. I would point out my favorite portion of the 4473, if the form allows somebody to buy a weapon to give to somebody else. So if I buy a weapon to give to my son, who is over 18, I will specify, if I give it to my son, they don't know where the weapon is either because the form allows people to make gifts. But you do. Pardon me? But you do. Yes. But, for example, what is a gift and what's not a gift? Let's say somebody does some work at my house, and I want to pay them for this work, but they refuse to accept it. They're friends of mine and they do work for me. And so instead I know they're gun collectors, so instead I buy them a weapon and give them a weapon as a gift because I know they're collectors. Is that a gift or is that for compensation? What happens to the 4473 after it is tendered to the dealer and the sale is made? Kept by the dealer, Your Honor. Well, doesn't that answer the question of what 924a1a requires? I would submit it doesn't. Nobody makes any false statement, and we identified what the false statement was, with respect to information required by this chapter to be kept in the records of a person licensed under this chapter, to be kept by the dealer. That's correct. It's kept by the dealer. But the question is whether the statement is material. But if it's not a material statement. Yes, but it's not that with A6, which has a specific requirement with respect to any fact material to the lawfulness of the sale. Now, that's an entirely different requirement. Well, I would submit it's not an entirely different requirement. Congress can address the same issue in two different statutes. And I would submit that in using the word representation in 924a1a, it's using the material ‑‑ it's implying an immateriality element, just the same as it explicitly put one in 922b6. Now, the question of materiality may be a little different, whether it's materiality of the lawfulness of the sale, like in 922b6, or it's simply a statement capable of influencing the gun dealer to make a sale as materiality is in common false statement statutes. So you're arguing that A6 has some bearing on the interpretation of A1a? That's correct, Your Honor, because Congress was seeking to address the same issues with those statutes. 924a1a is a little broader because it covers false statements in other types of license applications and things like that as well. If I may, I'll reserve a little time. Half a minute. Thank you. Yes, you may do so, counsel. We'll hear from the U.S. attorney. Good morning, Your Honors. May it please the Court, Tracey Van Buskirk for the United States. This Court should affirm the defendant's conviction because under 18924a1a, the jury conclusively found that the defendant made false statements on the form that was required to be kept by the Federal Firearms Licensee. The plain and natural language set forth in 924a1a and the context in which it's set in the Gun Control Act show Congress's express intent not to include a materiality requirement. One of the things that this Court has already put forth is that Congress expressed intent not to include materiality. That's kind of difficult to get my head around. It's expressed because there's nothing there? Is that your argument? Yes, Your Honor. I guess my argument would be, as this Court has found in other cases, when Congress expressly intends to add a materiality requirement, they will say it, as set forth in 922a6, where they said where the statute is a written statement. Well, they use the word material in a6, but aren't there cases that hold that you don't have to use the word material to require materiality? There are some cases where materiality has been implied, if I recall. However, here, when we look at the context, when we have two statutes that are similar in the types of conduct that they cover, where Congress has explicitly included that materiality element in 922a6 and has excluded it or omitted it from 924a1a, I think the intent there, that's what I meant by the express intent. Well, there's a standard canon of construction where the statutes are on the same, more or less the same topic, and they have different wording. We're supposed to give meaning to that difference. What is the sequence, though? Was 922 enacted in the same Congress as 924? Yes, Your Honor. Both Chapter 44, and I believe it was Sections 921 through 928, were all enacted in, I believe it was June 1968, part of the Gun Control Act. Counsel, you heard my question about the applicability of the Sullivan case, and you heard your opposing counsel's response. What's your analysis? Your Honor, I think it's directly on point. In the Sullivan case, the Eighth Circuit adopted the plain reading of the statute of 924a1a. They said it was unambiguous, and they rejected the defendant's argument that the materiality should somehow be implied or a materiality requirement should be read into it. In that case, the defendant put, I believe, a different name, but listed everything else the same, or listed everything else, his address, his date of birth, things like that, that were actually true. Mr. Hoyle says that Sullivan has been overtaken by the Nieder case. Well, I understand, Your Honor. What Mr. Hoyle's argument is, basically, as the Court knows, is that somehow this false representation has acquired a common meaning or required a meaning at common law that requires an implied materiality. I would disagree. We know that a false statement has not acquired any implication of materiality at common law. That was settled by the United States Supreme Court in the Wells case. The fact that the Congress added or representation does not change that to add that the term representation necessarily implies materiality. There are some cases, as cited by counsel as well, I believe it was a case from this court, Cungus. I'm sorry, that is Supreme Court, where there's a suggestion that the term misrepresentation can imply materiality, but it does not necessarily imply materiality. Thus, the term used here, representation, does not necessarily imply a materiality requirement or impose a materiality requirement on the government to prove that, where Congress has not specifically added it into the statute. And as the Court was talking about, in terms of the important ---- So your argument is that we should simply follow Sullivan, the Eighth Circuit case? Yes. That's still good law? Yes, Your Honor. I believe it's still good law. I think this Court can follow Sullivan and adopt the plain and unambiguous reading. Also, this Court, if the Court takes a second step that defense counsel is urging, just because we take that second step and we look at whether any of these terms have acquired a meaning at common law that implies materiality, the answer is no. There is not a case cited to this Court, and I'm not aware of one, that would require this Court to find, because of the use of the term representation, that necessarily shows Congress's intent that there be materiality proven by the government. This is a record-keeping requirement, the purpose being to have accurate records in the firearms context. As testified at trial, the special agent mentioned, the form 4473 is crucial in a firearms crime investigation. That is the first form. That is where he goes, basically the last step of paperwork. That shows an investigator when the gun goes from a licensee to that first non-licensed person. So it's absolutely crucial that the information contained in that be accurate. That's part of how an investigator goes about finding it. And in this case, as the record showed, these guns were transferred to a third party within a matter of, or had the co-defendant not been stopped, would have been transferred to a third party within a matter of hours. So it's really crucial that the investigators have an accurate name as to who the actual buyer is that's kept on the forms. The Court has not required, or the statute, I should say, Congress has not required the government to prove the materiality of the statements. What's your response to Mr. Hoyle's analogy to the gift situation? You can buy the gun as a gift. You're going to give it to your son. Well, Your Honor, that is specifically on the form, that is permissible. But in that case, the actual buyer, I mean, the actual buyer is determined to be the gift giver. The person who is using his own money to purchase the gift, he's getting it for himself to give as a gift to another person. The form sets that out as an example. So I don't think that he's the buyer. He's the buyer. He's still the buyer. But giving it as a gift is a permissible use. Yes, Your Honor, that's much better stated than what I said. Yes, he's not lying. He's saying, I am the actual buyer of this firearm. I'm just going to gift it to someone, which is totally different from the scenario we have here where we have our defendant who was asked to buy particular firearms, was given money before the purchase, was given money after the purchase, and wrote himself as the actual buyer when, in fact, he was not. He was buying entirely for somebody else for the express purpose of that person's name not being on the paperwork. This is one of the co-defendant knew that his name would be on the paperwork. He had purchased firearms before. And, Your Honors, in addition, to add an implied element of materiality I think would make, in some ways, these two statutes very similar in the type of conduct that they would prohibit. Yet the statutory maximums for the conduct is very different. And I think that is, again, when we look at statutory construction and the intent of Congress, 924A1A is a record keep. I suggest it's more of a record keeping requirement where the any false statement is a violation. Whereas in 926A6, 922A6, that the requirement that the government also prove the additional element that the statement was material. What are the two maxima in those cases? What's the maxima? Sorry. I was trying to get that out. 924A1A, the maximum is a five-year punishment. 922A6, the maximum is a ten-year punishment, which I think is another example of Congress's intent to give a harsher punishment to the crime that requires a material misstatement. Unless the Court has additional questions for me. No further questions. Thank you, Counsel. Thank you, Your Honors. Mr. Hoytow, you have a little time remaining. Your Honor, there are numerous cases where materiality has been implied in the statute where the statute does not contain the word material or materiality. Which is your best case that you rely on? Nieder is one on fraud. Nieder. Kunzges is one on misrepresentation, although there is somewhat of a disagreement between the justices on that one. There's another case that's cited by the government in its brief, Al Foran, which involves a denaturalization case, and the words of the statute were contrary, obtaining a naturalization contrary to law. Contrary to law was held by this Court to imply a materiality requirement. So there are numerous cases that do that. I would just say with respect to the government's claim that my client gave money to this individual or that he was given money by this individual to purchase these firearms, there were ongoing transactions between my client and this Mr. Pedroza, the third party in this case. The money was paid for previous sales to him, not for these particular sales. Thank you, Counsel. Your time has expired. The case just argued will be submitted for decision.
judges: Schroeder, O'scannlain, Graber